**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEEANN E. ARCHULETA and MICHAEL B. DICKENS, | No.   17-15553 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-01608-MMD-VCF |
| v. | |
| CORRECTIONS CORPORATION OF AMERICA, DBA Nevada Southern Detention Center, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted April 11, 2018
San Francisco, California

Before:  KLEINFELD, W. FLETCHER and FISHER, Circuit Judges.

Leann Archuleta and Michael Dickens appeal the district court's judgment

dismissing their claims against the Corrections Corporation of America (CCA).

We have jurisdiction under 28 U.S.C. § 1291; we review de novo a district court's

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

dismissal for failure to state a claim on the pleadings under Rule 12(b)(6), *see Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017); and we affirm in part and vacate and remand in part.

1.  Because Archuleta alleges that she opposed conduct that could reasonably be perceived as violating Title VII, she states a claim for retaliation. *See* 42 U.S.C. § 2000e-3(a); *Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 555 U.S. 271, 276 (2009). Archuleta did not characterize the conduct as sexual harassment, but she clearly conveyed her discomfort with it. *See Crawford*, 555 U.S. at 276 (holding "an ostensibly disapproving account of sexually obnoxious behavior" was sufficient to convey opposition). Although Archuleta opposed an isolated incident of sexual harassment, others at the prison – including the warden – viewed the prison executive's conduct as sexual harassment warranting an investigation and discipline. *See EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 963 (9th Cir. 2009) (holding a complaint about an isolated incident can constitute protected activity if "a reasonable person would believe that the isolated incident violated Title VII"); *cf. Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001).

2.  Dickens' support for Archuleta in the sexual harassment investigation similarly qualifies as opposition to conduct prohibited by Title VII. Dickens

objected when he was told to report Archuleta for her failure to report the sexual harassment in the first instance. He was terminated shortly thereafter. *See Crawford*, 555 U.S. at 276.

3. Archuleta fails to state a claim for retaliation based on her filing of a workers' compensation claim. *See Bigelow v. Bullard*, 901 P.2d 630, 632 (Nev. 1995). Archuleta lays out a chronology of her workers' compensation claim and subsequent discipline and termination, but that chronology alone is not sufficient to support an inference of retaliatory intent where her termination occurred nine months after she filed her claim. Our holding in *Allen v. Iranon*, 283 F.3d 1070, 1078 (9th Cir. 2002), is not to the contrary; there, an 11-month gap was held to support an inference of retaliation, but the temporal proximity was not the only evidence to support retaliatory intent.

4. Dickens fails to state a claim for inducement under Nevada law. *See* Nev. Rev. Stat. § 613.010. The CCA regional director's guarantee that "nothing [would] happen to [Dickens]" did not misrepresent any condition of employment covered by § 613.010, and is therefore not actionable.

5. Dickens states a claim for race discrimination. He alleges the warden had a pattern or practice of discriminating against white male subordinates, and CCA's regional director, Chris Martin, acknowledged the warden's history with such

3

subordinates when he encouraged Dickens to transfer to Nevada. Dickens also alleges he had no disciplinary incidents before or after the investigation of Archuleta, yet both employees were terminated the same day. Dickens was not required to allege similarly situated employees outside his race were treated more favorably; he had only to plead allegations that, if proven, would "establish that [CCA] had a discriminatory intent or motive for taking a job-related action." *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (citation omitted). He has done so.

6. Plaintiffs fail to state a claim for negligent hiring or supervision of either the warden or the investigator. As to negligent hiring, plaintiffs do not allege CCA failed to conduct reasonable background checks of the warden or the investigator to ensure neither had "dangerous propensities." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996).

As to negligent supervision, even assuming the investigator's public interview location and the warden's noncompliance with the company "integrity

policy" constitute actionable misconduct, plaintiffs do not allege CCA breached its duty to use "reasonable care" in training or supervising either employee.  *See id.* at 99.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART and REMANDED.**